IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIQUEZ McCAA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION NO.<br>2:20-CV-882-MHT-SRW<br>(WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Petitioner Cedriquez McCaa's *pro se* filing styled as a motion "to reopen civil action." Doc. No. 2.

### **I. BACKGROUND**

In April 2011, McCaa pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). *United States v. McCaa*, Case No. 2:10-CR-191-MEF. In November 2011, the district court sentenced McCaa to 188 months in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). McCaa took no direct appeal.

In September 2015, McCaa filed a motion under 28 U.S.C. § 2255 claiming that his sentence was improperly enhanced under the ACCA because the government failed to prove that the predicate offenses for the enhancement—four Alabama robbery convictions—occurred on separate occasions. *McCaa v. United States*, Civil Action No. 2:15-CV-710-WKW. In December 2015, McCaa voluntarily dismissed his § 2255 motion. *Id.*, Doc. No. 12. The district court held that the dismissal was without prejudice, and the case was closed. *Id.*, Doc. No. 13.

In June 2016, McCaa filed another motion under 28 U.S.C. § 2255, this time claiming that his sentence under the ACCA violated *Johnson v. United States,* 576 U.S. 591 135 S.Ct. 2551 (2015).[1] *McCaa v. United States*, Civil Action No. 2:16-CV-467-WKW. This court denied McCaa's § 2255 motion in February 2019. *Id.*, Doc. Nos. 14, 17, 18.

In his present motion "to reopen civil action," McCaa challenges his § 922(g) conviction, arguing that the conviction should be vacated based on the Supreme Court's recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which requires the government to prove a defendant knowingly violated each material element of 18 U.S.C. § 922(g). Doc. No. 2 at 1–2. McCaa further asserts that he "also will raise serious U.S. Constitutional claim(s) and U.S. Constitutional violation(s)," including "newly discovered evidence" of serious Fifth Amendment violations, ineffective-assistance-of-counsel claims, and miscarriage-of-justice claims based on "serious 8th Amendment and 16th Amendment violations." *Id*. at 2.

For the reasons that follow, the court finds that McCaa's motion should be dismissed as a successive § 2255 motion filed without the required appellate court authorization.

## II. DISCUSSION

McCaa calls this filing a motion "to reopen civil action." Doc. No. 2 at 1. While Rule 60 of the Federal Rules of Civil Procedure permits a litigant to move to reopen an otherwise final judgment in a civil action, the rule is not a proper mechanism for attacking

---

[1] McCaa also reasserted his claim that the government failed to prove that the predicate offenses for his ACCA enhancement occurred on separate occasions.

2

a criminal judgment. *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). McCaa's claim under *Rehaif* does not attack the integrity of the district court's dismissal without prejudice in Civil Action No. 2:15-CV-710-WKW, nor does it attack the court's denial of his § 2255 motion in Civil Action No. 2:16-CV-467-WKW. Instead, his claim challenges his conviction and sentence in his criminal case (Case No. 2:10-CR-191-MEF). Consequently, McCaa's motion "to reopen civil action" cannot be construed as a motion for relief under Fed.R.Civ.P. 60. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *Williams v. Chatman*, 510 F.3d 1290, 1293–95 (11th Cir. 2007).

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is the proper mechanism for a federal prisoner to raise a collateral attack on the validity of a criminal judgment. *See* 28 U.S.C. § 2255(a), (e); *United States v. Holt*, 417 F.3d 1172, 1174–75 (11th Cir. 2005). Thus, regardless of McCaa's choice of labels, his motion "to reopen civil action" is of the same legal effect as—and must be construed as—a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"); *United States v. Hernandez*, 369 F. App'x 72, 73 (11th Cir. 2010) ("To determine whether a *pro se* motion is actually a second or successive § 2255 motion, we examine the content of the filing and the relief sought, not the label placed on the motion.").

As indicated above, McCaa has filed two previous § 2255 motions challenging his § 922(g) conviction and/or his resulting ACCA sentence. The second of those motions was filed in June 2016 in Civil Action No. 2:16-CV-467-WKW. In February 2019, this court denied that § 2255 motion and dismissed the action with prejudice on grounds that McCaa's claim under *Johnson v. United States* lacked merit and his remaining claim was both time-barred under 28 U.S.C. § 2255(f) and lacking in merit. *Id.*, Doc. Nos. 14, 17, 18 [Recommendation of Magistrate Judge; Memorandum Opinion and Order Adopting Recommendation; and Final Judgment].

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).[2]

---

[2] This court notes that the Eleventh Circuit has stated that *Rehaif v. United States*, 139 S.Ct. 2191 (2019)—the Supreme Court decision relied upon by McCaa in his motion—did not announce a new rule of constitutional law and that *Rehaif* has not been made retroactive to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

4

"The bar on second or successive [§ 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).[3]

McCaa has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that McCaa has obtained the required certification authorizing this court to consider his successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider McCaa's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the operative § 2255 motion filed by McCaa (Doc. No. 2) be dismissed for lack of jurisdiction, because McCaa has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

---

[3] For purposes of the AEDPA's successive-motion rules, the dismissal of a § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion successive. *See, e.g., Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) ("We . . . hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

ORDERED that the parties shall file any objections to this Recommendation or before December 4, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this the 19th day of November, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

6