IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIQUEZ McCAA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv882-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Before the court is petitioner Cedriquez McCaa's "Motion for Correction of a Clerical Error to the Notice Given by Petitioner on or about October 7th, 2020 of the Transfer from FCI Pollack P.O. Box 4050, Pollack, LA, 71467" (Doc. 17). For the reasons discussed below, the motion will be denied.

McCaa is serving a sentence of 188 months' imprisonment imposed by this court in November 2011 after he pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See United States v. McCaa*, Case No.

2:10cr191-MEF.  He was sentenced under the Armed Career Criminal Act, or ACCA, based on his prior Alabama convictions for four counts of robbery in the first degree, burglary in the third degree, and discharging a firearm into an occupied building.

McCaa is a frequent litigant in this court, and, since his conviction, he has filed at least three habeas motions to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255--or motions construed as operative § 2255 motions--asserting a host of claims as grounds for setting aside his conviction and sentence. *See McCaa v. United States*, Civil Action No. 2:16cv467-WKW (M.D. Ala.); *McCaa v. United States*, Civil Action No. 2:20cv803-MHT (M.D. Ala.); *McCaa v. United States*, Civil Action No. 2:20cv882-MHT (M.D. Ala.).[1]  One such operative § 2255 motion was the one McCaa filed in this case. *See* Petition (Doc. 2).  In

---

1. McCaa also filed a § 2255 motion, in Civil Action No. 2:15cv710-WKW (M.D. Ala.), which he later voluntarily withdrew.

December 2020, this court dismissed the motion for lack of jurisdiction, as McCaa had not obtained leave from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. *See* Opinion and Judgment (Doc. 13 & Doc. 14). Since January 2021, McCaa has applied unsuccessfully five times with the Eleventh Circuit for leave to file a second or successive § 2255 motion. *See* Case Nos. 21-10217 (11th Cir.), 21-10832 (11th Cir.), 21-12063 (11th Cir.), 21-11452 (11th Cir.), and 21-12403(11th Cir.).

In his instant "Motion for Correction of a Clerical Error...," filed on August 19, 2021, McCaa refers to a notice of change of address he says he sent to the clerk's office "on or about October 7, 2020," in which, he says, he gave notice of his transfer from FCI Pollack to the Federal Transfer Center in Oklahoma City, Oklahoma, with an assigned destination of Coleman USP in Florida. Motion for Correction (Doc. 17) at 2, 5. McCaa alleges that the clerk's office overlooked

3

his notice of change of address and, as a result, failed to send orders and other rulings by this court to his correct address. *Id*. at 5. He says this "clerical error" delayed his asking the Eleventh Circuit for leave to file a second or successive § 2255 motion. *Id*. He asks this court to reopen this case (Civil Action No. 2:20cv882-MHT (M.D. Ala.) and Civil Action No. 2:20cv803-MHT (M.D. Ala.) so he may have "a fair opportunity" to seek such authorization from the Eleventh Circuit. *Id*. at 8. The court declines to grant his motion for several reasons.

McCaa's motion is largely incomprehensible. This court can discern no basis for his contention that a "clerical error" by the clerk's office hindered him from asking the Eleventh Circuit for leave to file a second or successive § 2255 motion, or how it is necessary for this court to reopen this case and Civil Action No. 2:20cv803-MHT (M.D. Ala.) for him to have "a fair opportunity" to seek such authorization from the

**4**

Eleventh Circuit.   Such a contention is belied by this court's records and those of the Eleventh Circuit.   As noted above, starting in January 2021, McCaa applied five times with the Eleventh Circuit for leave to file a second or successive § 2255 motion.   All those applications were denied.   None were denied based on untimeliness.[2]   McCaa does not explain how he was delayed in asking the Eleventh Circuit for leave to file a second or successive § 2255 motion or how reopening his closed § 2255 cases will facilitate his filing of future such applications with the Eleventh Circuit.   Thus, he fails to demonstrate that he has been prejudiced.   This court is under no obligation to make arguments on McCaa's behalf and, in any event, finds no valid grounds for reopening his closed cases.

This court notes that McCaa waited until August 19, 2021, to assert his claim of "clerical error."   In

---

2. To the extent McCaa may want the Eleventh Circuit to reconsider its grounds for denying his applications, there clearly is nothing this court can do to grant him relief.

5

March 2021, McCaa filed a motion to reopen this case in which he makes no mention of his failing to receive orders and rulings of this court. *See* Motion to Reopen (Doc. 15). It is clear from McCaa's March 2021 motion to reopen that McCaa timely received this court's December 2020 final judgment dismissing his operative § 2255 motion for lack of jurisdiction. McCaa's delay in asserting his "clerical error" claim until well after he knew a judgment had been entered in this case weighs against a finding that he was prejudiced by the alleged failure of the clerk's office to recognize his notice of change of address. This finding of no prejudice is further bolstered by the fact that, by the time he asserted his claim of "clerical error" in August 2021, McCaa had already filed five applications with the Eleventh Circuit for leave to file a second or successive § 2255 motion.

Finally, McCaa presents nothing more than bare assertions that he sent a notice of change of address

to the clerk's office "on or about October 7, 2020" or that he did not receive orders and rulings of this court because of the clerk's alleged failure to recognize his notice of change of address. There is no indication on the docket sheet that the court received a notice of change of address from McCaa on or about October 7, 2020, and there is no indication that any of the court's orders and rulings sent to McCaa after October 7, 2020, were returned to the court as undeliverable because McCaa could not be located. These factors, too, weigh against finding that McCaa is entitled to have this case, or any other case, reopened. The court finds not credible McCaa's assertions that he sent a notice of change of address to the clerk's office "on or about October 7, 2020" and that he did not receive orders and rulings of this court because of the clerk's alleged failure to recognize his notice of change of address.

***

7

Accordingly, it is ORDERED that petitioner Cedriquez McCaa's "Motion for Correction of a Clerical Error..." (Doc. 17) is denied.

DONE, this the 7th day of September, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE